# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARK D. BRULL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-3219-CM-DJW |
| ) | |
| **DISABILITY RIGHTS CENTER OF** ) | |
| **KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Mark D. Brull is confined at Larned State Hospital under the Kansas Sexually Violent Predator Act, Kan. Stat. Ann. § 59-29a01, *et seq.*, as a member of the Kansas Sexually Violent Predator Treatment Program. He brings this action, *pro se* and *in forma pauperis*, individually and on behalf of others similarly situated, claiming that defendants have denied his "statutory right to receive protection and advocacy" (Doc. 1, at 8) and have unlawfully discriminated against him based on his disabilities. Although he originally filed this action jointly with Dustin Merryfield, the cases were severed and each has proceeded individually. *See Merryfield v. Disability Rights Ctr. of Kan.*, Case No. 09-3218-CM-DJW. Plaintiff appears to seek review of agency action and prays for injunctive and declaratory relief.

This case is before the court on a Joint Motion to Dismiss (Doc. 18) filed by defendants Disability Rights Center of Kansas, Inc., and Rocky Nichols, its director. Also before the court is Defendant United States Department of Health and Human Services' Motion to Dismiss (Doc. 20). Plaintiff has failed to timely respond to these motions.

The court issued an Order to Show Cause why defendants' motions to dismiss should not be

granted pursuant to Rule 7.4(b) of the Local Rules of Practice. The court also issued an Amended Notice and Order to Show Cause why the case should not be dismissed for lack of prosecution as to defendants Substance Abuse and Mental Health Services Administration, Eric Broderick, Director, and Office for Civil Rights, Region VII, Frank Campbell, Regional Director (Doc. 25). Plaintiff has failed to respond to either of the court's orders to show cause.

Both under Rule 41(b) of the Federal Rules and the inherent power of a judge, a case may be dismissed with prejudice for want of prosecution. *Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A court may dismiss a case for failure to prosecute after considering the following criteria:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted).

In this case, defendants have been prejudiced by plaintiff's failure to prosecute because they have not been able to have claims against them resolved. Although the prejudice may be somewhat limited in light of the identical action brought by Mr. Merryfield, which *is* being prosecuted and in which identical motions to dismiss have been filed and briefed, the court determines that defendants have suffered prejudice.

Second, plaintiff's failure to respond to pending motions or otherwise prosecute his case has interfered with judicial process in that it has required this court to issue various orders, to expend time and money in serving documents on plaintiff, and has prevented the case from being resolved on its merits in a speedy, just, and inexpensive manner as required by Rule 1 of the Federal Rules of Civil Procedure.

Third, plaintiff is solely culpable for this conduct. The responsibility lies with a plaintiff to prosecute his case, and, in particular, to abide by orders of the court.

Plaintiff, like any litigant, is on notice that failure to prosecute, like failure to comply with court orders, can result in involuntary dismissal as a sanction. Fed. R. Civ. P. 41(b); *Slack v. McDaniel*, 529 U.S. 473 (2000). Defendants put plaintiff on notice of dismissal as a possibility by filing their motions to dismiss, and this court specifically put plaintiff on notice of dismissal as a possible sanction through its two orders to show cause.

Finally, the court is not convinced that lesser sanctions would be effective. This court cannot force a plaintiff to proceed with a case. The clear record of absenteeism convinces this court that further directing plaintiff to take action would be fruitless. In the meantime, defendants will be further prejudiced by the lack of closure to this case.

Plaintiff has repeatedly failed to abide by deadlines or to obey the court's orders. Plaintiff failed to respond to defendants' motions to dismiss; he failed to respond to the court's order to show cause why these motions should not be granted as uncontested; and he failed to respond to the court's order to show cause why the remaining defendants should not be dismissed for lack of prosecution. Despite the ample opportunity provided by this court, and despite the court's repeated warnings that dismissal might be a consequence of failing to respond, plaintiff Brull has completely failed to participate in his case. This court has given plaintiff an opportunity to explain his failure to participate and to remedy that failure. He has not done so, despite this court's orders. This court is aware that dismissal is a harsh remedy. However, for all of the reasons set out above, the court determines that this case should be dismissed as a sanction for plaintiff's failure to prosecute, and for failure to comply with this court's orders.

For these reasons, and in light of the many months which have passed without plaintiff

taking the actions necessary to brief pending motions for dismissal or to otherwise prosecute his case, the court finds that dismissal is appropriate. The court grants the motions to dismiss filed by the Disability Rights Center of Kansas, Inc., and Rocky Nichols; and the United States Department of Health and Human Services. (Docs. 18, 20.) Further, the court dismisses the case against the remaining defendants—defendants Substance Abuse and Mental Health Services Administration, Office for Civil Rights, Broderick, and Campbell—for lack of prosecution. The motions to dismiss are granted pursuant to Local Rule 7.4; and the case is dismissed as to all defendants pursuant to Federal Rule 41(b).

While this court is mindful that the law favors the hearing of a litigant's claim on its merits, the dismissal is with prejudice because, in light of this court's Memorandum and Order dismissing Mr. Merryfield's complaint, the refiling of this complaint would be futile.

**IT IS THEREFORE ORDERED** that plaintiff's complaint is dismissed with prejudice.

Dated this 10th day of November 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
